**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BWI COMPANIES, INC.** **PLAINTIFF**

**V.** **CAUSE NUMBER: 3:26-cv-00153-JDM-RP**

**JEFFREY COLIN MCKENDREE, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS**

BWI Companies, Inc. distributes seeds for lawns and gardens to stores, growers, and landscapers in over a dozen states. Jeffrey Colin McKendree worked for BWI as a salesman in North Mississippi until March 12, 2026. After he left BWI, McKendree formed Grass Roots Seed & Supply. Believing McKendree launched Grass Roots using BWI trade secrets, BWI sued McKendree, Grass Roots, and McKendree's Grass Roots partners.

BWI brought ten total claims. Among them, Count IX alleged fraudulent concealment and misrepresentation against McKendree only. Count X alleged civil conspiracy against all defendants. BWI claimed the defendants used McKendree's fraud as one means to achieve their civil conspiracy. Now, Grass Roots and its constituent partners—HTBR Holdings LLC, Charles Cole, Michael A. Putt, and Malcolm Reed—moved to dismiss that part of the conspiracy claim predicated on McKendree's alleged fraud (moving defendants collectively referred to as "Grass Roots").[1] [22]

Grass Roots argues dismissal is required because BWI did not adequately plead the fraud claims against McKendree. So it asks the Court to dismiss the part of the conspiracy count

[1] Though McKendree is a partner in Grass Roots, he did not join the motion.

predicated on the alleged fraud. This would be somewhat inconsequential because even if the Court dismissed the fraud portion of the conspiracy, Grass Roots would still face a civil conspiracy claim. Still, the Court will examine whether BWI pled fraud against McKendree with particularity.

After review, the Court finds BWI adequately pled fraud. On its fraudulent concealment claim, BWI particularly alleged acts of fraud. And the complaint details specific instances where McKendree took steps to conceal his plan to create a competitor to BWI. Similarly, BWI sufficiently pled fraudulent misrepresentation by laying out McKendree's specific acts and describing why they were fraudulent. Therefore, Grass Roots's motion to dismiss is **DENIED**.

**Facts**

According to the complaint, which the Court must take as true, BWI hired McKendree under an employment agreement. Besides giving McKendree a job, the agreement provided McKendree access to BWI's confidential information. That information included trade secrets, customer data, and sales data. BWI claims this data allowed McKendree to see customers' purchase histories and BWI's sale margins. The agreement also obligated McKendree to disclose any concepts he may develop reasonably within the scope of BWI's business.

BWI's complaint alleges McKendree and the other defendants—sometime before February 2026—hatched a plan to start Grass Roots Seed and Supply as a BWI competitor. And to further the plan, McKendree would continue working for BWI. There, he would use his connections and inside information access to build a customer base for his new seed business.

As part of the purported scheme, BWI alleged that on February 13, 2026, McKendree asked his sales manager for specific BWI records. In response, his manager sent McKendree three files. These files covered BWI's 2025 customer sales, market type sales, and overall territory summary. BWI alleges each document contained trade secrets. Additionally, McKendree requested an item-

level sales report. His manager told him the report would probably be 20,000 lines and unusable. Still, McKendree wanted the information. But his manager apparently never released the large report.

Besides alleging McKendree compiled heaps of confidential information, BWI's complaint details McKendree courting customers for his new venture. On February 16, 2026, McKendree allegedly asked to personally handle the Seeds Inc. account because "their new director of sales is a good friend/neighbor of mine."

Another potential Grass Roots customer was Scruggs Farm Supply. Back in 2025, McKendree arranged with Scruggs for BWI to sell it deer corn monthly. But on February 27, 2026, McKendree cancelled about 37 truckloads of deer corn to Scruggs. When his manager asked why, McKendree said he was unsure. But he assumed Scruggs lost booking with one of its customers. McKendree told his manager Scruggs needed just three truckloads of corn. But BWI claims McKendree cancelled the Scruggs order to instead divert the business to Grass Roots Seed & Supply.

BWI further alleged that since February 2026, its own sales to Scruggs declined materially. And Scruggs and another long-time BWI customer—Moore's Feed Store—have since switched from BWI to Grass Roots Seed and Supply.

On March 3, 2026, McKendree put in his two weeks' resignation notice. He told BWI he would aim to ensure a smooth transition. But BWI alleges McKendree's gesture was just to distract BWI from his plan to build a competitor. Allegedly, a little over a week later McKendree further concealed his scheme by deleting 1,817 BWI emails and 1,617 sent items from his work computer. This disrupted BWI transitioning McKendree's existing accounts to other BWI salesmen. And when BWI eventually discovered McKendree had deleted these emails, it also uncovered a

document labeled "Grass Roots Seed AND Supply"—a document touting his new company's name that McKendree had created while still working for BWI.

Before the clock ran on McKendree's two-week notice, he told his manager Scruggs had asked him to cancel more orders. But his manager pushed back. He insisted McKendree not cancel orders so quickly. So on March 12, 2026—right after mass-deleting his emails—McKendree told his manager he was being kept from doing his job and would quit immediately. But BWI claims McKendree really quit to hide his competitive activity with Scruggs.

When he quit BWI, Grass Roots Seed & Supply began openly selling seed mixture and other products to Scruggs. Upset about McKendree's alleged secret data collection and Grass Roots's poaching former BWI customers, BWI sued McKendree and Grass Roots.

After answering, Grass Roots filed a motion to dismiss which the Court considers a motion for judgment on the pleadings. *See Sonnier v. Crain*, 649 F. Supp. 2d 484, 492 (E.D. La. 2009). Grass Roots seeks to dismiss only a portion of the civil conspiracy alleged in Count X.

Count X alleged that as part of a premeditated plan, McKendree and Grass Roots conspired to steal BWI customers by unlawful means. In its motion, the unlawful means Grass Roots zeroes in on is McKendree's alleged fraudulent concealment and misrepresentation. It argues BWI did not plead this fraud with particularity under Federal Rule of Civil Procedure 9(b). And Grass Roots argues that having insufficiently pled fraud, any conspiracy theory based on that fraud must be dismissed.

**Dismissal Standard**

The same standard for a Rule 12(b)(6) motion to dismiss applies to Grass Roots's motion for a judgment on the pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[t]o be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

Rule 9(b) requires a heightened pleading standard for fraud—particularity. *Harlow v. Friendship Med. Clinic, LLC*, No. 3:15-cv-00160-MPM-SAA, 2016 WL 9130982, at *2-3 (N.D. Miss. Apr. 28, 2016). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). In other words, "plaintiffs must plead the 'who, what, when, where, and how' of the fraud." *U.S. ex rel. Johnson v. Raytheon Co.*, 395 F. Supp. 3d 791, 798 (N.D. Tex. 2019) (quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). "Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

**Discussion**

The Court begins by addressing Grass Roots's standing to challenge BWI's fraud allegations against McKendree.

Citing *Thomas v. Johnson*, No. H-23-0662, 2024 WL 4142747, at *2 (S.D. Tex. Sept. 10, 2024), BWI argues Rule 11 prevents one party from raising an argument on another party's behalf.

According to BWI, because it leveled the fraud charges in Count IX against McKendree only, Grass Roots cannot attack the fraud portion of Count X's conspiracy claim.

In its motion, Grass Roots originally asked to dismiss Count IX—the fraud claims against McKendree—and the fraud-dependent portions of Count X. Had Grass Roots maintained this position, BWI would be correct. That's because Grass Roots lacks standing to seek dismissal of Count IX's fraud claim on McKendree's behalf. But Grass Roots walked back its original request.

During briefing, it clarified that it only seeks dismissal of the portion of Count X's conspiracy predicated on the insufficiently pled fraud against McKendree. And because BWI alleged Grass Roots conspired with McKendree and others, Grass Roots *does* have standing to seek dismissal of that claim.

Further, BWI cited McKendree's alleged fraud as one of the unlawful means that furthered the charged conspiracy. So for BWI to succeed on the conspiracy claim, it had to allege the underlying fraud with the particularity Rule 9(b) requires. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 380 (5th Cir. 2004); *Castillo v. First City Bancorporation of Tex., Inc.*, 43 F.3d 953, 961 (5th Cir. 1994). Thus, Grass Roots has standing to challenge BWI's fraud pleadings against McKendree to the extent they relate to Count X's conspiracy claim. And to determine whether to dismiss the fraud-based portion of Count X, the Court examines both substantive fraud claims in Count IX.

## I. Fraudulent Concealment

BWI's first fraud claim is fraudulent concealment. And Grass Roots argues BWI only generally—not particularly—alleged that McKendree concealed his "concept" and "plan" to form a competitor. According to Grass Roots, these allegations are not specific enough to satisfy the requirement for particularly pleading fraud.

Again, fraud must be pled with particularity. FED. R. CIV. P. 9(b). But "[w]hat constitutes 'particularity' will necessarily differ with the facts of each case . . . ." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks omitted) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). Furthermore, fraud may be based on omitted facts. The Fifth Circuit has touched on Rule 9's requirement for fraud premised on omitted facts. *See Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006). In *Carroll*, the Fifth Circuit emphasized, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Id.* at 1174 (quoting *Riley*, 355 F.3d at 381).

Touting *Carroll*, Grass Roots argues that because BWI did not identify *when* McKendree should have disclosed his plans, it did not particularly plead fraud. But *Carroll* dealt with a different situation. There, the plaintiffs sued a company for fraudulently omitting that its land was once a hazardous waste dump. *Id.* at 1172. But it was not the company that sold the plaintiffs their land. Nor had it ever interacted with them. *Id.* at 1174. So the Fifth Circuit held that because the plaintiffs failed to identify when the company had to disclose any information to them, they did not plead fraud with particularity. *Id.*

That is not what happened here. Rather, McKendree worked for BWI and had an extensive business relationship with it—much different than the attenuated connections in *Carroll*. And unlike *Carroll*, BWI did not simply conclude McKendree committed fraud. It pled specific facts alleging fraudulent circumstances. *Grubbs*, 565 F.3d at 186.

Those facts begin with McKendree's employment agreement. BWI alleged it required McKendree disclose any competing business ideas—something McKendree never did. Further, the complaint details the piles of sales data McKendree acquired when BWI's sales to Scruggs

declined. Simultaneously, McKendree began personally cancelling Scruggs's orders. BWI also alleged McKendree deleted thousands of emails mere hours before leaving BWI. And McKendree allegedly quit because his manager would not let him cancel another Scruggs order. Only after McKendree left and Grass Roots began openly selling to Scruggs did BWI learn McKendree had stolen its customer. Together, these allegations put Grass Roots and McKendree on notice of the claimed fraud.

Viewing the allegations in the light most favorable to BWI, the complaint sets out the who, what, when, where, and how of McKendree's alleged fraud. Thus, BWI sufficiently pled fraudulent concealment against McKendree.

**II. Fraudulent Misrepresentation**

Next, BWI alleged fraudulent misrepresentation, pointing to three supposedly false statements McKendree made. On February 27, McKendree cancelled 37 truckloads to Scruggs, claiming "they lost some booking with a customer." On March 3, McKendree committed himself to a smooth transition from BWI. Then, less than ten days later—hours after deleting thousands of emails—McKendree abruptly quit. And he did so because his manager prohibited him from cancelling another Scruggs order.

Grass Roots separates each statement, attacking them individually. But these statements are just examples of how McKendree allegedly committed fraud. If any of them individually or combined satisfy Rule 9's particularity requirement, then the fraudulent misrepresentation claim satisfies Rule 9.

Grass Roots first challenges McKendree's cancelling 37 truckloads to Scruggs. It argues BWI did not plead this statement with particularity. Grass Roots notes BWI pled on *information and belief* McKendree cancelled the orders to divert business toward Grass Roots Seed and Supply.

It insinuates this is insufficient.

But pleadings made on information and belief are generally allowed, "especially in cases in which the information is more accessible to the defendant." *Johnson v. Johnson*, 385 F.3d 503, 531 n. 19 (5th Cir. 2004). Fraud may also be pled on information and belief in such circumstances. *U.S. ex rel. Thompson v. Collumbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). And "where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.* (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n. 3 (D.C. Cir. 1994)).

BWI alleged McKendree justified cancelling 37 truckloads to Scruggs by saying he assumed they lost some customer booking. But on information and belief, BWI believed McKendree's true motivation was to divert Scruggs's business to Grass Roots. And BWI's complaint contains substantial facts supporting that belief. McKendree also created a document titled "Grass Roots Seed AND Supply" while still employed by BWI. And BWI's sales to Scruggs slowed to a crawl in February when McKendree cancelled its orders. Then, after Grass Roots began openly selling to Scruggs, Scruggs switched its regular orders to Grass Roots. McKendree's true motivation for cancelling the orders is certainly more accessible to the defendants. But BWI pled facts supporting its belief McKendree schemed to divert the orders—it did not simply conclude he did.

Whether the other statements identified in the misrepresentation claim are also pled with particularity is immaterial. Taken together, they support the overall fraud claim—none are individual fraud claims themselves. So BWI's fraudulent misrepresentation claim met Rule 9(b)'s particularity requirement.

## Conclusion

BWI based its civil conspiracy claim against Grass Roots in part on McKendree's alleged fraudulent concealment and misrepresentations. Because BWI pled the predicate fraud against McKendree with particularity, Grass Roots's Motion to Dismiss Plaintiff's Fraud Claims [22] is **DENIED**.

**SO ORDERED**, this the 25th day of September, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI